UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| VICTORIA AUTOMOBILE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-CV-289 SNLJ |
| | ) |
| MATTHEW RIDER and M.S., a minor, | ) |
| by KASANDRA ILER, her Next Friend, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case comes before the Court on defendant Matthew Rider's Motion to Dismiss for Lack of Subject Matter Jurisdiction (#4). The issues are fully briefed and ripe for disposition. For the following reasons, the motion is denied.

### I. **Factual Background**

The tragic facts of this case stem from a car accident whereby Matthew Rider ("Rider") was driving his pregnant wife Sarah Iler, who was in labor, to a hospital to give birth. As the first amended petition for damages alleges,[1] Rider greatly reduced his speed while on the interstate, resulting in a semi-tractor trailer striking Rider's vehicle. Sarah Iler was ejected from the vehicle and passed away. M.S., the child of Sarah Iler, survived but sustained substantial and permanent brain injuries. M.S., through Sarah Iler's sister Kasandra Iler, brought the state-court action against Rider, the driver of the semi-tractor trailer, and the driver's employer.

---

[1] The petition was filed in the Circuit Court of the County of Cape Girardeau and is Cause No.: 16CG-CC00116.

The case here is a declaratory judgment action in which plaintiff, Victoria Automobile Insurance Company ("plaintiff"), seeks clarification of its rights and responsibilities under a policy of motor vehicle insurance issued to Bruce Rider, Matthew Rider's father. In its complaint, plaintiff alleges it has no duty to indemnify or defend Rider resulting from the accident because Rider was not covered under the policy. Plaintiff explains that the 1999 Chevy Blazer driven by Rider was not listed as a covered auto under the policy and no other coverage extension offered by the policy applies to the Blazer as to create coverage for Rider under the policy.

Plaintiff brought this action pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. The policy at issue has a "bodily injury" limit of $25,000 and a "per accident" limit of $50,000. Plaintiff contends that the amount in controversy requirement is satisfied when the policy limits are aggregated with the potential costs of defending Rider through trial and any appeal. Rider filed the instant motion, contending that this Court lacks subject matter jurisdiction over this action because the costs of the duty to defend may not be considered in the determination of the amount in controversy and because they cannot be considered, the amount in controversy does not exceed $75,000.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) provides that a party may dismiss an action based on lack of subject matter jurisdiction. In ruling on a motion to dismiss for lack of subject matter jurisdiction, this Court "must accept all factual allegations in the pleadings as true and view them in light most favorable to the nonmoving party." *Great*

*Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010) (internal citation omitted).

Diversity of citizenship jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of costs or interest, and the matter is between citizens of different states. *See* 28 U.S.C. § 1332. In this case, only the amount in controversy is contested. Generally, "the amount claimed by the plaintiff controls in determining the existence of diversity jurisdiction." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-289 (1938).

In a declaratory judgment in which an insurer sues an insured to determine its obligation to defend and indemnify, as here, the amount in controversy "ordinarily equals the probable costs of defense and indemnification of the underlying litigation." *Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC*, 620 F.3d 926, 932 (8th Cir. 2010) (internal citations omitted). *See also National Union Fire Ins. Co. of Pittsburgh, Pa. v. Maune*, Case No. 4:05-CV-2021 JCH, 2006 WL 587650 at *2 (E.D. Mo. March 10, 2006) ("in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim – not the face amount of the policy.'")

A complaint "that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Scottsdale Ins. Co.*, 620 F.3d at 931 (internal citations omitted). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a

3

preponderance of the evidence." *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (internal citation omitted). "[I]t appears that the relevant legal rule is that the proponent of diversity jurisdiction must prove a negative by a preponderance of the evidence in order to avoid dismissal of his or her case." *Id.* at 885 (internal citation omitted). In other words, the proponent of diversity jurisdiction must show by preponderance of the evidence "that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount" to avoid dismissal. *Id.*

### III.     Discussion

In this case, the Court finds that plaintiff alleged the jurisdictional amount in good faith. If Rider is covered under the policy, plaintiff would have a duty to defend Rider for all claims against him through any possible trial and appeal and would have a duty to indemnify up to the policy limits. Because the state-court action alleges substantial injuries and damages, it is foreseeable that plaintiff would expend a significant amount of time and money in Rider's defense, potentially in excess of $50,000. And as noted, the policy contains a "bodily injury" limit of $25,000 and a "per accident" limit of $50,000. Accordingly, the potential costs of defense and indemnification may well exceed $75,000 and it does not appear to a *legal certainty* that the amount in controversy is less than $75,000.

Rider cites *Maune* in support of his argument that "the costs of the duty to defend may not be considered in the determination of the amount in controversy." 2006 WL 587650 at *3. Although the *Maune* Court declined to consider the costs of defense under the particular facts of that case, the Court expressly noted that in other cases the "costs of

4

defense, attorney's fees, and statutory penalties may be considered as part of the amount in controversy." *Id.* at *2 (internal citations omitted). In *Maune*, defendant drove a covered vehicle under the applicable insurance policy and hit his brother's motorcycle, injuring his brother. *Id.* at *1. The brother demanded payment of the full $100,000 under the policy, but, the policy contained a "household exclusion" clause that applied to the brother, denying coverage in excess of the $25,000 statutory minimum. *Id.* Therefore, on the face of the policy, only $75,000 was in controversy, which did not *exceed* $75,000. The Court declined to consider the costs of defense in the amount in controversy requirement because the brother had not sued defendant and no duty to defend had yet been triggered. In the case at hand, in contrast, suit has indeed been filed, thus triggering plaintiff's duty to defend Rider if Rider is covered under the policy.

### IV. Conclusion

This Court has proper diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (#4) is **DENIED**.

So ordered this 2nd day of March, 2017.

									_____
									STEPHEN N. LIMBAUGH, JR.
									UNITED STATES DISTRICT JUDGE